### HENRY SOULE *vs.* THOMAS RUSSELL.

A declaration sufficiently shows, after verdict, that the action respects an easement on real estate within the *St.* of 1840, *c.* 87, § 1, by alleging that the plaintiff was seized and possessed of a mill, mill dam and water privilege on F. Brook, and had a right to the use of the water in said brook, for the raising of a head of water, and for the driving of his said mill, without molestation, and that the defendant erected, over and across said brook and another brook leading into the same above the plaintiff's mill, a dam, in such an insecure, unskilful, loose and unworkmanlike manner, that after raising a great body of water in said stream, above the plaintiff's mill, the defendant's dam was carried away by reason of this improper and insecure construction, by means whereof a large and unusual quan‑ tity of water was let down upon the plaintiff's dam and mill, whereby the same were greatly damaged, and a large quantity of sand was washed and thrown into the pond of the plaintiff, by which the same was much diminished in capacity for containing water, and his mill privilege thereby greatly reduced in value, and he was put to the expense of $200 for the repairs of the same, and was subjected to great loss by the interruption of the business of his mill.

When there are two counts in a declaration, and the jury bring in a verdict for the plaintiff on one count, and state that they cannot agree upon a verdict on the other, the court has authority to permit the plaintiff to amend by striking out the other count, and to allow the jury to return their verdict generally for the plaintiff.

When a jury disagree as to one count in a declaration, and find for the plaintiff on the other count, and he thereupon strikes out the count on which they disagree, the defendant is not entitled, under Rev. Sts. *c.* 121, § 16, to the costs of the trial on that count.

THE declaration, in this case, contained the following counts : " For that the plaintiff was, on the first day of November last past, and unto this day is, seized and possessed of a certain mill, mill dam and water privilege on Furnace or Trout Brook, so called, in Kingston, in the county of Plym‑ outh, and had a right to the use of the water in said brook,

for the raising of a head of water, and for the driving of his said mill, without molestation; and the plaintiff avers that the defendant, on said day, and before that time, had erected, over and across said brook and another brook leading into the same, above the plaintiff's mill and dam, a certain dam, in such an insecure and loose manner, that after raising a great body of water in said stream, above the plaintiff's mill, his the defendant's dam was carried away, by reason of this improper and insecure construction; by means whereof, a large and unusual quantity of water was let down upon the plaintiff's said dam and mill, whereby the same was greatly damaged, and he was put to the expense of one hundred dollars for the repair of the same, and was subjected to great loss by the interruption of the business of his said mill.

" And also, for that the plaintiff afterwards, on the first day of March last past, and unto this day, was seized and possessed," &c. (as in the first count ;) " and the plaintiff avers that the defendant, on said day and before that time, had erected over and across said brook and another brook leading into the same, above the plaintiff's mill and dam, a certain other dam, other than the first named dam, in such an insecure, unskilful, loose and unworkmanlike manner, that after raising a great body of water in said stream, above the plaintiff's mill, his the defendant's dam was carried away by reason of this improper and insecure construction, by means whereof a large and unusual quantity of water was let down upon the plaintiff's said dam and mill, whereby the same was greatly damaged, and a large quantity of sand was washed and thrown into the pond of the plaintiff, by which the same was much diminished in its capacity for containing water, and his mill privilege thereby greatly reduced in value, and he was put to the expense of two hundred dollars for the repairs of the same, and was subjected to great loss by the interruption of the business of his said mill."

The defendant's counsel, before pleading, moved that the writ and action should be dismissed, because this court had no jurisdiction thereof, and because the affidavit required by

37 *

*St.* 1840, *c.* 87, did not accompany the writ.' But the motion was overruled. The defendant then pleaded the general issue.

At the trial before *Hubbard*, J. the plaintiff introduced evidence, showing that there were separate and distinct dams mentioned in the separate counts in his declaration, erected at different times, and carried away at different times. The evidence introduced by the plaintiff also tended to prove that those dams were unskilfully and insecurely erected.

The judge instructed the jury, that if the dams, or either of them, were not properly constructed, and were not made sufficiently secure to hold and retain the head of water retained by them, and the injury happened to the plaintiff from the defective construction of the dams, or either of them, the defendant would be liable for the losses and injuries which the plaintiff had sustained as the direct consequence of such defective construction.

The following verdict was returned: " The jury find for the plaintiff, on the second count in the plaintiff's writ, and assess damages in $87·45 ; the jury cannot agree upon the first count in the plaintiff's writ."

The plaintiff then moved to discontinue, as to his first count, and the judge granted the motion. The jury then returned their verdict, generally, for the plaintiff, for the sum of $87·45.

The defendant's counsel excepted to the granting of the plaintiff's motion to discontinue as to his first count. They also filed a motion, that if the full court should decide that the plaintiff was rightly permitted so to discontinue, the defendant might be allowed his costs on the first count.

*W. H. Whitman,* for the defendant. The court has no jurisdiction of this case. Though the demanded damages exceed three hundred dollars, yet no affidavit was indorsed on the writ, or annexed to it, that the matter, sought to be recovered, exceeded that amount or value, as is required by *St.* 1840, *c.* 87. The writ, therefore, should have been dismissed *Hunt* v. *Inhabitants of Hanover,* 8 Met. 343.

The action does not respect an easement in real estate, within the meaning of *St.* 1840, *c.* 87 ; and therefore this court has not jurisdiction of it. See 3 Kent Com. (5th ed.) 434 – 438. 8 Met. *ubi sup.* *Cary* v. *Daniels,* 5 Met. 236, and the authorities cited by the counsel for the defendant in that case. *Johnson* v. *Jordan,* 2 Met. 234, 239.

In order to give this court jurisdiction, on the ground that the action respects an easement in real estate, the easement must appear on the face of the declaration. 5 Met. *ubi sup.* In the present case, no such easement so appears ; or if it does so appear, its validity is not necessarily involved in the decision of the case. The sole question was, whether the defendant's dam was skilfully built ; not whether he had a right to build a dam. See *Turner* v. *Blodgett,* 5 Met. 240, *note.*

The defendant claims costs on the first count, under the Rev. Sts. *c.* 121, § 16, and the fourth rule of the court, (24 Pick. 384,) as to costs on amendments.

The defendant's objection to the discontinuance as to the first count was made by his counsel, before they had seen the case of *Hall* v. *Briggs,* 18 Pick. 503. Unless the court find a distinction between that case and this, the decision on this point will probably be for the plaintiff.

*Beal,* for the plaintiff. The declaration sufficiently shows that this is an action respecting an easement in real estate. The plaintiff alleges that he "had a right to the use of the water in Furnace Brook, for the driving of his mill, without molestation." This necessarily imports a right to the free and unobstructed flow of the water to his mill ; and this is an easement. *Cary* v. *Daniels,* 5 Met. 236. *Crittenton* v. *Alger,* in Berkshire, September term 1846, (since published in 11 Met. 281.)

The Rev. Sts. *c.* 121, § 16, give the defendant costs only when there is a verdict for him on one of the counts.

*W. Thomas* replied.

SHAW, C. J. 1. The declaration substantially sets out an easement of the plaintiff in the defendant's land, and a

disturbance, and is good after verdict. It states that the plaintiff was seized and possessed of a mill and mill site. His right to have the water flow freely to his mill, unmolested and unincumbered with dangerous materials wrongfully placed therein by the defendant, on his own land, was an easement; and such misuser, by the defendant, of his own right in another part of the stream, was a disturbance.

2. The court had full authority to allow the plaintiff to strike out one of his counts, before the verdict was recorded; and the terms of such amendment were wholly within the discretion of the court.

3. It is only where there is a verdict by the jury, on one count for the plaintiff, and on another for the defendant, that costs for the defendant are to be taxed, under the Rev. Sts. *c.* 121, § 16. In the present case, there was no verdict for the defendant.

*Judgment on the verdict for the plaintiff.*